COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-053-CR

 

 

RICKEY LEE DUKES                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                          I.  Introduction

In two points, Appellant
Rickey Lee Dukes appeals his conviction for driving while intoxicated (ADWI@).  We affirm. 








II.  Factual and Procedural History

On March 11, 2005, Officer
E.G. Mekosch of the Fort Worth Police Department was entering I-35 when he
observed a red GMC Suburban speeding. 
Appellant was driving the vehicle. 
Officer Mekosch got behind the vehicle and paced its speed at
approximately 76 mph in a 60 mph zone. 
Officer Mekosch turned on his emergency lights to make a traffic stop.

Appellant acted like he was
going to pull over approximately three different times before he finally exited
I-35 and pulled over on a service road. 
Immediately, Appellant proceeded to get out of his vehicle and put his
hands in the air.  When Officer Mekosch
told Appellant to get back in his vehicle, he did; then he immediately put his
hands out of the window.  When Officer
Mekosch asked Appellant for his driver=s license, he noticed that Appellant and his vehicle compartment
smelled of alcohol, that his speech was slurred and heavy, and that his eyes
were bloodshot and watery.

In response to a question
from Officer Mekosch, Appellant admitted to having two beers earlier in the
day.  Officer Mekosch asked Appellant if
he had any medical conditions that would prevent him from completing a series
of field sobriety tests.  Appellant told
him that he took blood pressure medication, but did not mention anything
else.  Officer Mekosch determined that
Appellant was capable of performing a series of standardized sobriety tests.








First, Officer Mekosch
determined that Appellant was a good candidate for the horizontal gaze
nystagmus test.  An officer administering
this test is looking for a minimum of four of the six possible clues that
indicate someone is possibly intoxicated. 
Officer Mekosch proceeded to administer the test and determined that
Appellant exhibited all six clues.

Second, Officer Mekosch had
Appellant perform the Awalk-and-turn@ test.  An officer administering
this test is looking for a minimum of two of the possible eight clues that
indicate that someone is possibly intoxicated. 
Officer Mekosch determined that Appellant exhibited seven of the eight
possible clues, including failing to keep his balance while listening to
instructions, stopping while walking in order to keep himself balanced, failing
to walk in a heel-to-toe manner, losing his balance while walking, using his
arms for balance, losing his balance while turning, and taking the wrong number
of steps.

Lastly, Officer Mekosch asked
Appellant to perform the one-leg-stand test. 
Appellant refused to perform this test.








Based on everything Officer
Mekosch observed, including Appellant=s initial erratic behavior, the smell of alcohol, Appellant=s slurred speech, and Appellant=s failure to complete the field sobriety tests, Officer Mekosch
determined that Appellant was intoxicated and placed him under arrest for
DWI.  Officer Mekosch then conducted an
inventory of Appellant=s vehicle
and found a twelve-ounce Coors Light under the driver=s seat.  According to Officer
Mekosch, the drink was three-fourths empty and Acool to the touch.@

Officer Mekosch transported
Appellant to the intoxilyzer room of the Fort Worth Police Department, where
the following events were videotaped. 
First, Appellant refused to perform any of the physical tests for
Officer Bridges[2]
because he stated that one of his legs was shorter than the other.  Officer Bridges then had Appellant perform a
nonstandardized backward counting test, which Appellant failed to perform
correctly.  Finally, Appellant signed a
DIC-24[3]
form indicating his refusal to submit a breath or blood sample.

Appellant was charged with
DWI, a class b misdemeanor.  Appellant
waived a jury trial.  On February 20,
2007, the trial court found Appellant guilty and sentenced Appellant to ninety
days= confinement in the Tarrant County Jail, probated for two years, as
well as a fine of $600.  Appellant now
appeals on the grounds that there was legally and factually insufficient
evidence to support his conviction. 








                                     III. Standard of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the prosecution in order to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim.
App. 2000).  Thus, when performing a
legal sufficiency review, we may not re-evaluate the weight and credibility of
the evidence and substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine whether the necessary inferences are reasonable based upon
the combined and cumulative force of all the evidence when viewed in the light
most favorable to the verdict.@  Hooper v. State, 214
S.W.3d 9, 16-17 (Tex. Crim. App. 2007). 
We must presume that the fact-finder resolved any conflicting inferences
in favor of the prosecution and defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at
2793; Clayton, 235 S.W.3d at 778.

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the judgment.  Watson,
204 S.W.3d at 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We must give due deference to the fact-finder=s determinations, Aparticularly those determinations concerning the weight and
credibility of the evidence.@  Johnson, 23 S.W.3d at
9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

                                IV. Sufficiency of the Evidence

The State is required to
prove every element of an offense beyond a reasonable doubt.  Tex.
Penal Code Ann. ' 2.01
(Vernon Supp 2008).  A person commits the
offense of driving while intoxicated if the person is intoxicated while
operating a vehicle in a public place.  Tex. Penal Code Ann. ' 49.04(a) (Vernon Supp. 2008).

A. Legal Sufficiency of Evidence













Appellant contends that the
evidence is legally insufficient to support his conviction of DWI.  Appellant asserts that the only evidence
offered by the State to show that he was intoxicated was Officer Mekosch=s testimony about Appellant=s performance on the field sobriety tests at the scene, Appellant=s performance on the nonstandardized counting test once in custody,
and his subsequent refusal to submit a breath sample for testing.  However, when viewing all the evidence in the
light most favorable to the verdict, the record clearly shows that the evidence
was legally sufficient.  See Hooper, 214
S.W.3d at 16-17.  In Appellant=s case, as in most DWI cases, no one piece of evidence overwhelmingly
proves his guilt; rather, it is the totality of the evidence that results in
the trial court=s decision
to convict.  See, e.g., Kimball v.
State, 24 S.W.3d 555, 562 (Tex. App.CWaco 2000, no pet.) (holding that where defendant contested the State=s proof of intoxication, but the totality of the evidence corroborated
the finding of defendant=s
intoxication).  In this case, the record
shows that Appellant behaved oddly as he pulled off the freeway by acting like
he was going to pull over approximately three different times before finally
exiting the highway to pull over; that Appellant behaved oddly after he
stopped, as he immediately exited the car with his hands raised; that he
behaved oddly when he got back in the car, as he immediately put his hands out
the window; that Appellant and his vehicle smelled of alcohol; that Appellant=s speech was slurred and heavy; that Appellant=s eyes were bloodshot and watery; that Appellant admitted to having
drank two beers earlier that day; that Appellant failed the horizontal gaze
nystagmus test; that Appellant failed the walk and turn test; that Appellant
refused to perform the one-leg standing test; that Officer Mekosch formed the
opinion that Appellant was intoxicated at the scene; that Officer Mekosch found
a three-quarters empty beer can that was Acool to the touch@ under the driver=s seat; and that Appellant refused to provide a breath or blood
sample.

Based on this evidence, a
rational trier of fact could have found the essential elements of driving while
intoxicated beyond a reasonable doubt.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  Therefore, having carefully reviewed the
evidence under the applicable standard, we hold that the evidence was legally
sufficient to support the trial court=s conviction that Appellant was driving while intoxicated.  Id., 99 S. Ct. at 2789.  We overrule his first point. B. Factual
Sufficiency of Evidence








Appellant asserts that the
evidence was factually insufficient to support his conviction.  Specifically, Appellant argues that the only
evidence supporting his conviction was Officer Mekosch=s testimony that Appellant failed the field sobriety test after
Appellant was first stopped, that Appellant failed the non-standardized
counting test once in custody, and that Appellant refused to submit a breath
sample for testing.  Appellant attempts
to discount this evidence by arguing that he was unable to perform the
one-legged standing test because he had a physical disability, namely, that one
leg was shorter than the other. 
Appellant further argues that the fact that he failed the counting test
is immaterial because the test is a nonstandardized test that is not recognized
by the National Highway Transportation Safety Administration as a valid
indicator of intoxication and that even if the test was a valid indicator, he
did not perform well on it because he did not understand the instructions.  For these reasons, he argues that the only
evidence left as the basis for the trial court=s finding that Appellant was intoxicated was his refusal to take the
breath test, which Appellant argues will not support a conviction for DWI by
itself.








Contrary to Appellant=s arguments, our review of the record shows that the evidence that
Appellant failed the field sobriety tests and the counting test, as well as his
refusal to submit a breath sample, was not dispositive in the trial court=s finding that Appellant was intoxicated.  First, Appellant did not tell Officer Mekosch
that he had a physical disability when asked if he had any medical conditions
that would prevent him from completing any of the field sobriety tests.  Second, Officer Mekosch arrested Appellant
for DWI prior to Appellant failing the counting test.  Moreover, contrary to Appellant=s argument that his refusal to submit to a breath sample was the only
evidence offered to support his conviction, the record is replete with evidence
that Appellant was intoxicated.  As we
previously stated, the record shows that Appellant behaved oddly as he pulled
off the freeway, appearing to stop approximately three different times before
he finally pulled over; that Appellant behaved oddly after he was stopped,
exiting with his hands raised and then putting his hands out the window; that
both Appellant and his vehicle smelled of alcohol; that Appellant=s speech was slurred and heavy and his eyes were bloodshot and watery;
that Appellant admitted to drinking two beers earlier that day; that Appellant
failed the horizontal gaze nystagmus test and the walk and turn test; and that
Officer Mekosch found a three-quarters empty beer can that was Acool to the touch@ under the driver=s seat.  Moreover, the record
shows that Officer Mekosch formed the opinion that Appellant was intoxicated at
the scene, before Appellant failed the counting test or refused to submit a
breath sample.

Because the record does not
clearly reveal that a different result is appropriate, we hold that the
evidence was factually sufficient to support Appellant=s conviction for DWI.  See
Johnson, 23 S.W.3d at 8.  We overrule
his second point.

                                           V. Conclusion

Having overruled both of Appellant=s points, we affirm the trial
court=s
judgment.

PER CURIAM

 

PANEL F:    MCCOY, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
April 3, 2008











[1]See Tex. R. App. P. 47.4.





[2]Officer
Bridges was the officer conducting the interview in the intoxilyzer room.  The briefs and court record do not indicate
what physical tests Officer Bridges asked Appellant to perform.  The State=s brief cites the videotape
evidence.





[3]DIC-24
Form is the written component of the statutory warning required in cases where
a peace officer requests a voluntary blood or breath specimen from a
person.  Tex. Trans. Code Ann. ' 724.015 (Vernon Supp.
2007); see State v. Neesly, 239 S.W.3d 780, 782 (Tex. Crim. App. 2007).